UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JOHNATHAN SALADA, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:16-cv-00032 |
| | ) Chief Judge Sharp/Brown |
| PUTNAM COUNTY SHERIFF'S DEPARTMENT, *et al.*, | ) Jury Demand |
| Defendants. | ) |

To: The Honorable Kevin H. Sharp, Chief United States District Judge

## REPORT AND RECOMMENDATION

Pending before the Court are two dispositive motions: Southern Health Partners, Inc.'s ("SHP's") motion to dismiss (Doc. 53) and Putnam County Sheriff's Department's ("Sheriff's Department's") and Sergeant Jamie Emerton's motion for summary judgment (Doc. 62).

The Magistrate Judge **RECOMMENDS** that SHP's motion to dismiss be **DENIED** and that SHP be granted **twenty-one (21) days** in which to serve an answer to Plaintiff's amended complaint. The Magistrate Judge further **RECOMMENDS** that the motion for summary judgment filed by the Sheriff's Department and Sergeant Emerton be **GRANTED** as to the claims brought against the Sheriff's Department and Sergeant Emerton and **DENIED WITHOUT PREJUDICE** as to the claims brought against SHP, Dr. Kenneth Matthews, Jr., and Nurses Daniel Coburn, Deborah Deck, and Jessica Regan.

### I.   BACKGROUND

Plaintiff is proceeding *pro se* and *in forma pauperis* in this action under 42 U.S.C. § 1983. (Doc. 16). His complaints arise from the conditions of his confinement at the Putnam

1

County Jail in Cookeville, Tennessee. (Doc. 15). Plaintiff is currently confined at the Trousdale Turner Correctional Center in Hartsville, Tennessee. (Doc. 33).

While he was confined at the Putnam County Jail, Plaintiff alleges Sergeant Emerton shut off the running water in Plaintiff's unit for a six-hour "dry cell" period. (Doc. 15, p. 5). During this time period, Plaintiff complains he was dehydrated and had a sore throat, there was waste in his toilet, he could not wash his hands, he became lightheaded, and he could not exercise as part of his diabetes management. (Doc. 15, p. 5). He seeks to hold Sergeant Emerton liable in his individual capacity. (Doc. 15, p. 4). Because the Sheriff's Department employs Sergeant Emerton, and because Plaintiff was detained in its facility, Plaintiff also seeks to hold the Sheriff's Department liable. (Doc. 15, pp. 4-5).

Plaintiff next complains that he was denied adequate medical care for his diabetes, chest pains, vision problems, and genital warts. (Doc. 15, pp. 10-11). These claims are asserted against the Sheriff's Department, SHP, Dr. Matthews, and Nurses Coburn, Deck, and Regan. Plaintiff alleges that "SHP is involved as [a] defendant for employing such poorly trained nurses." (Doc. 15, p. 10).

The District Judge granted Plaintiff leave to proceed *in forma pauperis*, and on initial review found the amended complaint satisfactorily pleaded a claim against Defendants for deliberate indifference to serious medical needs. (Doc. 16). The case has been referred to the undersigned for case management, decision on pretrial nondispositive motions, and a report and recommendation on pretrial dispositive motions. (Doc. 16, pp. 5-6). Presently pending are SHP's fully briefed Rule 12(b)(6) motion to dismiss (Docs. 53, 54, 84, 87) and the Sheriff's Department's and Sergeant Emerton's fully briefed motion for summary judgment (Docs. 62, 63, 64, 67, 83, 85, 86).

## II. LEGAL STANDARDS

Dismissal of claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate where the factual allegations in the complaint, taken as true, fail to state a plausible claim to relief. *Jackson v. Ford Motor Co.*, 842 F.3d 902, 906 (6th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Pleadings filed by individuals proceeding *pro se* are liberally construed and are held to more relaxed pleading standards than are applied to pleadings prepared by lawyers. *Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016) (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)).

Summary judgment on a claim or defense is warranted if the material facts are not in genuine dispute and the party seeking summary judgment is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are only in genuine dispute if, based on the evidence presented, a reasonable jury could return a verdict favorable to the nonmovant. *Babcock & Wilcox Co. v. Cormetech, Inc.*, 848 F.3d 754, 758 (6th Cir. 2017) (citing *Smith v. Perkins Bd. of Educ.*, 708 F.3d 821, 825 (6th Cir. 2013)). The evidence presented to the court, and all reasonable inferences derived from it, must be viewed in the light most favorable to the nonmovant. *Id.* (citing *Smith*, 708 F.3d at 825).

## III. MOTION TO DISMISS

Plaintiff sued SHP, the medical provider for the Putnam County Jail, in its official capacity for allegedly hiring poorly trained nurses. (Doc. 15, pp. 8, 10). "To prevail on a cause of action under § 1983, a plaintiff must prove '(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" *Shadrick v. Hopkins Cty., Ky.*, 805 F.3d 724, 736 (6th Cir. 2015) (quoting *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010)). Though SHP is a private corporation, it is

3

considered a person acting under the color of state law because provision of medical care to inmates is a traditional state function. *Id.* Plaintiff may not, however, hold SHP liable under § 1983 under theories of vicarious liability or *respondeat superior*. *See id.* at 737 (citing *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 453 (6th Cir. 2014)). Plaintiff must prove that a custom or policy of SHP was the "moving force" behind a deprivation of Plaintiff's constitutional rights. *Rouster*, 749 F.3d at 453 (citations omitted).

SHP argues it should be dismissed from this suit under Rule 12(b)(6) because Plaintiff's amended complaint does not contain sufficient allegations of an unlawful custom or policy or a causal link between a custom and policy and violations of Plaintiff's constitutional rights. (Doc. 53).

The District Judge on initial review expressly found otherwise. After alleging instances of inadequate medical care from SHP's health care providers and the resulting health consequences, Plaintiff stated "SHP is involved as [a] defendant for employing such poorly trained nurses." (Doc. 15, p. 10). Specifically addressing SHP's potential liability, the District Judge explained:

> [T]he plaintiff's allegation that the indifference to his condition is the result of the failure to have properly trained staff (ECF No. 1, at 6)[1] may be construed to assert that official policy underlies the alleged violations, as necessary to state a claim against the corporate and governmental defendants. . . . [T]he court finds that [the allegations in the amended complaint] state a colorable claim against the defendants for deliberate indifference to serious medical needs.

(Doc. 16, pp. 4-5). Sixth Circuit precedent supports the District Judge's conclusion that allegations of injuries caused by a failure to train are sufficient at the pleading stage. *See Petty v. Cty. of Franklin, Ohio*, 478 F.3d 341, 347-48 (6th Cir. 2007) (explaining that without the benefit of discovery a plaintiff is not expected to know the exact customs or policies that allegedly

---

[1] As the Court's initial review analyzed Plaintiff's amended complaint (Doc. 15), the Magistrate Judge understands this citation to refer to the appropriate page of Plaintiff's amended complaint (Doc. 15, p. 10).

4

violate his constitutional rights). As the Rule 12(b)(6) dismissal standard is incorporated in a court's initial review of a case filed by a prisoner *in forma pauperis*, the District Judge has already considered and rejected SHP's contention that the allegations in the amended complaint are deficient. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); 42 U.S.C. § 1997e(c)(1). It bears repeating that pleadings filed by parties proceeding *pro se* are liberally construed. Absent intervening allegations or factual developments, the undersigned finds no reason to recommend the District Judge reconsider his original decision. For this reason, the motion to dismiss should be **DENIED**.[2]

In the event its motion to dismiss was denied, SHP requested additional time to file an answer to the amended complaint. (Doc. 53). Plaintiff did not object to this request. For good cause, a court may extend deadlines if the request is made before the original deadline expires. Fed. R. Civ. P. 6(b)(1)(A). Generally where a court denies a party's Rule 12(b)(6) motion to dismiss, the party is allowed fourteen days to serve an answer. Fed. R. Civ. P. 12(a)(4)(A). Should the District Judge adopt this portion of the Report and Recommendation and deny SHP's motion to dismiss, the Magistrate Judge would recommend granting SHP **twenty-one (21) days** in which to serve an answer to Plaintiff's amended complaint.

### IV. MOTION FOR SUMMARY JUDGMENT

Through their motion for summary judgment, the Sheriff's Department and Sergeant Emerton seek dismissal of the claims against the Sheriff's Department, the claim against Sergeant Emerton for "dry celling" Plaintiff, and Plaintiff's allegations of inadequate medical care. (Doc. 62).

---

[2] Admittedly the complaint does not state a strong case against SHP. Should Plaintiff fail to produce proof supporting his claims, they may not survive summary judgment.

### A. Claims Against the Putnam County Sheriff's Department

The Sheriff's Department argues it should be dismissed from this suit because it is not a legal entity that can be sued under § 1983. (Doc. 63, p. 2). The Sheriff's Department is correct.

"[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit." *Mathes v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (collecting cases). Challenges to the conduct of a sheriff's department or a police department must be brought against the county, not the individual department. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citations omitted).

Because the Putnam County Sheriff's Department is not a proper party to this § 1983 suit, Plaintiff's claims against the Sheriff's Department should be **DISMISSED**. *See, e.g.*, *Petty*, 478 F.3d at 347 (affirming dismissal of § 1983 claims against a sheriff's department); *Brinkley v. Loftis*, No. 3:11-CV-1158, 2012 WL 2370106, at *3 (M.D. Tenn. June 22, 2012), *report and recommendation adopted,* No. 3:11-1158, 2012 WL 3745628 (M.D. Tenn. Aug. 28, 2012) (dismissing § 1983 claims brought against a sheriff's department).

### B. Claim Against Sergeant Emerton

The only claim against Sergeant Emerton in this suit concerns the "dry cell" incident. While Sergeant Emerton was on duty at the Sheriff's Department, the water in Plaintiff's pod was turned off from approximately 11:00 p.m. on April 23, 2016, to 2:30 a.m. on April 24, 2016. (Doc. 62-1). As a result, Plaintiff alleges, he was dehydrated and had a sore throat, there was waste in his toilet, he could not wash his hands, he became lightheaded, and he could not exercise as part of his diabetes management. (Doc. 15, p. 5).

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (citations omitted). This includes deliberate indifference to a prisoner's conditions of confinement and a prisoner's serious medical needs. *Helling v. McKinney*, 509 U.S. 25, 31-32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Supreme Court defined "deliberate indifference" in the following way:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. As subsequent courts have explained, deliberate indifference in the context of an Eighth Amendment claim contains an objective component and a subjective component. *Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005).

The dry cell incident does not satisfy the objective component of an Eighth Amendment deliberate indifference claim. This element requires a plaintiff to demonstrate "a 'sufficiently serious' medical need," i.e. that the conditions of confinement put the prisoner at a "substantial risk of serious harm." *Id.* (quoting *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004)).

Withholding water from inmates may certainly rise to the level of an Eighth Amendment violation, but cases finding a constitutional violation involve deprivation for much longer than the three and a half hours that occurred here. *See Hope v. Pelzer*, 536 U.S. 730, 738 (2002) (seven hours while exposed to outdoor summer heat and restrained in an uncomfortable position); *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (twelve hours while restrained in an uncomfortable position); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 512 (6th Cir. 2001) (inadequate amount of drinking water for three days). Dismissing a claim filed by another inmate

7

about this same dry cell incident, the District Judge explained that the minor inconveniences and discomforts that arose out of the dry cell incident were not Eighth Amendment violations. *Loftis v. Putnam Cty. Sheriff's Dep't*, No. 2:16-CV-00029, 2016 WL 3180294, at *3 (M.D. Tenn. June 7, 2016).

Untreated diabetes may constitute a serious medical need. *Compare Garretson v. City of Madison Heights*, 407 F.3d 789, 796-97 (6th Cir. 2005) (finding objective prong satisfied where a pretrial detainee was not given medically necessary insulin injections and as a result was admitted to a hospital for several days), *with Hale v. Burns*, No. 2:06-CV-136, 2007 WL 2021938, at *3 (E.D. Tenn. July 10, 2007) (finding no sufficiently serious medical need where a diabetic prisoner did not display adverse symptoms after missing one dose of medication and consuming one nondiabetic meal). The parties do not dispute that Plaintiff has diabetes. Plaintiff's medical records show he regularly received insulin injections while at the Putnam County Jail. (Doc. 67). The water to Plaintiff's pod was cut off from 11:00 p.m. on April 23, 2016 to approximately 2:30 a.m. on April 24, 2016. (Doc. 62-1). Medical care was available to Plaintiff before, during, and after this brief timeframe. Plaintiff's blood sugar was tested on April 23, 2016 at 10:24 p.m. (Doc. 67, p. 36). He did not require insulin. (Doc. 67, p. 36). Medical rounds took place on April 24, 2016 at 3:00 a.m. (Doc. 62-1). His blood sugar levels were next tested on April 24, 2016 at 5:15 a.m. (Doc. 67, p. 36). He received fifteen units of insulin. (Doc. 67, p. 36). Though Plaintiff alleges he was prevented from exercising during the dry cell period, he has produced no evidence in support of this claim. Even if he could establish the temporary water suspension prevented him from exercising in the middle of the night, Plaintiff failed to prove this exercise was a sufficiently serious medical need such that its deprivation put Plaintiff at a substantial risk of serious harm.

Likewise, the dry cell incident does not satisfy the subjective element of a deliberate indifference claim. This component requires proving the "prison official's state of mind . . . evince[d] 'deliberateness tantamount to intent to punish.'" *Miller*, 408 F.3d at 813 (quoting *Horn by Parks v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994)). Plaintiff has submitted no evidence that Sergeant Emerton perceived facts from which to infer a substantial risk of harm to Plaintiff during the dry cell incident, let alone that Sergeant Emerton drew that inference. Through an unrebutted affidavit, Sergeant Emerton averred that no inmate was injured or made complaints of any problems while the water in Plaintiff's pod was shut off. (Doc. 62-1). With respect to Plaintiff, Sergeant Emerton averred that Plaintiff did not appear injured or hurt while the water was shut off. (Doc. 62-1). Having perceived no substantial risk of serious harm to Plaintiff during the dry cell incident, Sergeant Emerton's state of mind does not satisfy the subjective prong. *See Miller*, 408 F.3d at 813 (quoting *Farmer*, 511 U.S. at 838) (explaining that the subjective prong cannot be met where a prison official is not aware of a substantial risk of serious harm faced by a prisoner).

The facts material to Plaintiff's claim against Sergeant Emerton are not in genuine dispute. Plaintiff failed to produce evidence to support either prong of the deliberate indifference inquiry, and failed to rebut the evidence offered by Sergeant Emerton. Viewing the evidence, and the reasonable inference drawn therefrom, in the light most favorable to Plaintiff, summary judgment is warranted in Sergeant Emerton's favor. Plaintiff's claim against Sergeant Emerton should therefore be **DISMISSED**.

### C. Claims Against SHP and Its Medical Staff

The Sheriff's Department and Sergeant Emerton argue that summary judgment is warranted for Plaintiff's claims of deliberate indifference to his medical needs. Plaintiff asserted

these claims against the Sheriff's Department, SHP, and various members of SHP's medical staff. Absent any indication that SHP and its medical staff have adopted this summary judgment motion as their own, it should be **DENIED WITHOUT PREJUDICE** as to the claims against SHP, Dr. Matthews, and Nurses Coburn, Deck, and Reagan.

## V. RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that SHP's motion to dismiss be **DENIED** and that SHP be granted **twenty-one (21) days** in which to serve an answer to Plaintiff's amended complaint. The Magistrate Judge further recommends that Putnam County Sheriff's Department's and Sergeant Emerton's motion for summary judgment be **GRANTED** as to the claims brought against the Sheriff's Department and Sergeant Emerton and **DENIED WITHOUT PREJUDICE** as to the claims brought against SHP, Dr. Matthews, and Nurses Coburn, Deck, and Reagan.

The parties have fourteen (14) days after being served with a copy of this R&R to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**ENTERED** this 21st day of March, 2017.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge